KELLY, Judge.
J.P., Sr. (the Father), appeals from the trial court’s order that finds his children, A.P. and J.P., Jr., to be dependent on the grounds of neglect. Because the evidence fails to support the basis for a finding of dependency, we reverse.
The Department filed a dependency petition after the Father was arrested at his sister’s home where he was living with his children and an unsecured gun was found in a bedroom. The police officers confiscated the weapon, and the charges against the Father were ultimately dropped. In finding the children dependent, the court found sufficient proof of neglect where both children lived in the home and J.P., Jr., was in an adjoining room when the gun was found. The court stated that “Meglect encompasses a situation where a child’s environment causes the children *542 [sic] physical, mental or emotional health to be significantly impaired or be in danger of being significantly impaired.”
Chapter 89 of the Florida Statutes defines a “dependent” child as one who is found by the court to have been “abandoned, abused, or neglected by the child’s parent or parents” or one who is “at substantial risk of imminent abuse, abandonment, or neglect by the parent or parents.” § 39.01(15)(a), (f), Fla. Stat. (2013). There being no evidence of actual harm to the children within the meaning of subsections 39.01(32)(f)[1] or (44)[2], the adjudication in this case rests upon the existence of a substantial risk of imminent harm to the children within the meaning of section 39.01(15X0.
The trial court based the finding of neglect entirely on the fact that the Father had an unsecured gun in the home. However, the police officers confiscated the gun and therefore, any danger to the children was removed. The Department presented no evidence at trial showing that any risk of harm to the children remained. In fact, the trial court reunified the Father with his children, and the only obligations placed on the Father in his case plan were to maintain stable housing and employment.
The application of section 39.01(15)(f) requires “the necessity of a continuing risk — not just a risk that existed sometime in the past, but a risk that is alive and merits judicial interference in the parent-child relationship to protect the child’s welfare.” J.O. v. Dep’t of Children & Family Servs., 970 So.2d 395, 399 (Fla. 3d DCA 2007) (Shepherd, concurring). “The purpose of a dependency proceeding is not to punish the offending parent but to protect and care for a child who has been neglected, abandoned, or abused.” R.F. v. Dep’t of Children & Families, 770 So.2d 1189, 1193 (Fla.2000). See § 39.501(2). Because the evidence was insufficient to prove by a preponderance of the evidence that the children were dependent, we reverse.
Reversed.
ALTENBERND and CASANUEVA, JJ., Concur.

. Section 39.01(32)(f) states, in pertinent part: (f) Neglects the child. Within the context of the definition of "harm,” the term "neglects the child” means that the parent or other person responsible for the child’s welfare fails to supply the child with adequate food, clothing, shelter, or health care, although financially able to do so or although offered financial or other means to do so.

. Section 39.01(44) states, in part:
"Neglect” occurs when a child is deprived of, or is allowed to be deprived of, necessary food, clothing, shelter, or medical treatment or a child is permitted to live in an environment when such deprivation or environment causes the child’s physical, mental, or emotional health to be significantly impaired or to be in danger of being significantly impaired.